UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARI BAILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 15-2072 (RJL) |
| ) | |
| DAVID EBBERT, *et al.*, ) | **FILED** |
| ) | NOV 22 2016 |
| Respondents. ) | |
| ) | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

**MEMORANDUM OPINION**

November 21, 2016

This matter is before the Court on petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 USC § 1651(a); 28 USC § 2254(a)," ECF No. 1, the United States' Opposition to Petitioner's Pro Se "Petition for Writ of Habeas Corpus Pursuant to 28 USC § 1651(a); 28 USC § 2254(a)," ECF No. 12, and "Petitioner's Reply Pursuant to Rule 5(e) of Rules Governing § 2254 Cases," ECF No. 26. For the reasons discussed below, the Court will deny the petition as untimely.

The Court construes the petition as one filed under 28 U.S.C. § 2254, and the sole claim this Court may entertain is Count II, *see* Pet. ¶ 132, ineffective assistance of appellate counsel, *see Williams v. Martinez*, 586 F.3d 995, 998-1001 (D.C. Cir. 2009). In relevant part, § 2254 provides:

1

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A federal court does not grant a habeas petition to a state prisoner unless it appears that:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* § 2254(b)(1). An individual convicted in and sentenced by the Superior Court of the District of Columbia is considered a state prisoner for purposes of § 2254. *See Smith v. United States*, No. 00-5181, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000) (per curiam).

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . impose[d] a 1-year period of limitation on motions brought under [28 U.S.C. § 2255]," *United States v. Saro*, 252 F.3d 449, 451 (D.C. Cir. 2001) (citation omitted), and "[c]ourts have generally applied the same analysis to the time limitations in § 2254," *United States v. Cicero*, 214 F.3d 199, 203 n.* (D.C. Cir. 2000) (citations omitted). The limitation period for the filing of a petition under § 2254 is set forth in § 2244. *See Wright v. Wilson*, 930 F. Supp. 2d 7, 9 (D.D.C. 2013). It runs from the latter of four possible dates:

2

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Review is pending "until the application has achieved final resolution through the State's post-conviction procedures," *Carey v. Saffold*, 536 U.S. 214, 220 (2002), including any appeals in the state courts. A criminal conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see* S. Ct. R. 13(1) (setting 90-day deadline for filing a petition for writ of certiorari).

Petitioner was convicted of rape in 1994, and the Superior Court imposed a sentence of 15 to 45 years' imprisonment. The District of Columbia Court of Appeals affirmed petitioner's conviction on April 14, 1997, denied his petition for rehearing on February 17, 1998, and issued its mandate on February 25, 1998. Petitioner did not file a petition for a writ of certiorari in the

Supreme Court of the United States. However, he did file a post-conviction motion on March 13, 1998 in the Superior Court under D.C. Code § 23-110. The Superior Court denied his motion on September 30, 1999, and the District of Columbia Court of Appeals affirmed the decision on April 20, 2001. Petitioner filed the instant petition on October 16, 2015.[1]

It appears that petitioner's conviction became final on or about May 26, 1998, or 90 days after the District of Columbia Court of Appeals issued its mandate. It further appears that the one-year limitation period for the filing of a petition under § 2254 did not begin to run when the conviction became final because, under 28 U.S.C. § 2244(d)(2), the limitation period was tolled pending resolution of petitioner's § 23-110 motion. In other words, the limitations period would not have run from March 13, 1998, when petitioner filed his § 23-110 motion in the Superior Court, through April 30, 2001, when the District of Columbia Court of Appeals affirmed the Superior Court's decision. Respondent asserts that the limitation period ended one year later, on April 30, 2002, such that the filing of the instant petition in 2015 is fourteen years too late. *See* U.S. Opp'n at 8.

Because the limitation period is not jurisdictional, it "is subject to equitable tolling," *Holland v. Florida*, 560 U.S. 631, 645 (2010), where the movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *id.* at 649 (citation and internal quotation marks omitted); *see Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) (finding that equitable tolling is denied "where a [petitioner] 'failed to exercise due diligence in preserving his legal rights' or showed only 'a garden variety

---

[1] The Clerk of Court received petitioner's petition on October 16, 2015. The Court subsequently granted petitioner's application for leave to proceed *in forma pauperis*, and the Clerk officially entered the petition and application on the docket on December 1, 2015. The Court treats the petition as if it were filed on October 16, 2015.

4

claim of excusable neglect'"). Petitioner does not qualify for equitable tolling. While he arguably has been pursuing post-conviction relief diligently, he does not demonstrate the existence of an extraordinary circumstance which prevented him from filing a timely § 2254 motion. In any event, petitioner clarifies that he "is not requesting an extension of the time statutorily prescribed by equitable tolling." Pet'r's Reply ¶ 44. Rather, he "seeks an equitable exception to § 2244(d)(1) by invoking the miscarriage of justice exception," *id.* ¶ 44, which overcomes any procedural default, *see id.* ¶ 47.

Petitioner asserts his actual innocence of the crime for which he has been convicted. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [such as the] expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court instructs that "[t]he miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner." *Id.* at 1933 (citation, brackets and internal quotation marks omitted). Based on the Court's review of petitioner's submissions, he identifies no new facts or evidence which might call the jury's guilty verdict into question.[2] Furthermore, petitioner may bring an actual innocence claim by motion under D.C. Code § 23-110 in the Superior Court, *see Ibrahim v. United States*, 661 F.3d 1141 (D.C. Cir. 2011), and the availability of this local remedy forecloses petitioner's opportunity to have his claim adjudicated in federal court, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). Even if petitioner had filed a timely § 2254 petition, this Court is without jurisdiction to entertain his actual innocence claim. *See Earle v. United States*, 987 F. Supp. 2d 7, 11 (D.D.C. 2013).

---

[2] For example, he mentions serology test results from 1993, *see* Pet'r's Reply ¶ 46 & Ex. A, which presumably would have been available to him at trial.

The Court concludes that the petition is time-barred and therefore it must be denied. An Order is issued separately.

_____
RICHARD J. LEON
United States District Judge